STACY, C. J., took no part in the consideration or decision of this case.
This is an appeal by the plaintiff, Western Carolina Power Company, from an order of his Honor, Wilson Warlick, judge presiding at the September Term of the Superior Court of Catawba County, denying the plaintiff's motion for judgment, and dismissing plaintiff's summary proceeding instituted in the manner provided by C. S., 356, against the defendant Russell M. Yount, former clerk of the Superior Court of Catawba County and the United States Fidelity and Guaranty Company, as surety on his official bond.
Plaintiff deposited with Yount, clerk of the Superior Court of Catawba County, on 14 September, 1927, $21,300, being the amount awarded by the commissioners in three condemnation proceedings which the plaintiff had instituted in that county. On appeal from the award of the commissioners in the condemnation cases, judgment was rendered against the plaintiff for a larger amount, which judgment has been duly paid by the plaintiff; and, on 13 July, 1933, his Honor, Wilson Warlick, judge presiding, entered an order directing the clerk to return to the Western Carolina Power Company the original deposit of $21,300. On the Power Company's demand, the clerk repaid $3,300, but failed to pay the balance of $18,000.
On 1 September, 1933, plaintiff instituted this proceeding under C. S., 356, to recover judgment against the clerk and the United States Fidelity and Guaranty Company, the surety on his official bond. Due notice was given the clerk and the surety on his bond, and the motion for judgment duly came on for hearing at the September Term of the Superior Court of Catawba County on 14 September, 1933.
On 2 September, 1933, Mrs. J. B. Robinette instituted a suit in the Superior Court of Catawba County against Russell M. Yount (but not against the surety on his official bond), asking for the appointment of a receiver. Temporary receivers were appointed on 2 September, and on 9 September their appointment was made permanent. *Page 323 
The order appointing permanent receivers contained the following provisions: "It is further ordered, adjudged and decreed that all persons, firms or corporations, including sheriffs and marshals and their officers, agents, attorneys, representatives, servants and employees, whether creditors or claiming to be creditors, or having or claiming to have any right, title or interest of, in and to any property or properties of the defendant, "or claiming or alleging any right or interest or any right of action upon his official bonds as clerk" (the portion in quotations was added on 14 September amending the order of 9 September), be, and they are, hereby enjoined and restrained from instituting or prosecuting or continuing the prosecution of any action at law, or action or proceeding in equity against the defendant in any court of law or equity, or from executing or issuing out of any court of any writ, process, summons, attachment, subpoena, replevin or any other proceeding for the purpose of impounding or taking the possession of or interfering with any property owned by or in the possession of the said defendant or the said receivers, or owned by the said defendant and in the possession of any officers, agents, servants, or representatives of the said defendant. . . . Said receivers are fully authorized and empowered to institute and prosecute an action or actions, summary or otherwise, against the United States Fidelity and Guaranty Company, surety upon the defendant's first and second bonds as clerk of the Superior Court and upon all claims and demands arising thereunder by reason of any and all defaults, demands, and other liabilities, against said defendant."
The defendant, United States Fidelity and Guaranty Company, after admitting and denying certain allegations of the complaint, set up a further answer as follows: "This defendant says that on 9 September, 1933, in an action entitled: `Mrs. J. B. (Edna) Robinette, in behalf of herself and all other persons in similar situation, who may see fit to come in and make themselves parties to this action, v. Russell M. Yount, individually, and ex-clerk of the Superior Court of Catawba County' — instituted in the Superior Court of Catawba County, Clarence Clapp and J. C. Rudisill were appointed permanent receivers of the assets, properties, goods, chattels, real estate, notes, securities or other evidences of debt, books, official records, audits, moneys in bank, etc., of Russell M. Yount, individually, and as ex-clerk of the Superior Court of Catawba County, and in said order, all creditors of the said Russell M. Yount were enjoined and restrained from instituting or prosecuting or continuing the prosecution of any act at law, or action or proceeding in equity against the defendant in any court of law, the object of said proceeding being for the purpose of paying all creditors ratably and without preferences; that by virtue of said order to which reference is hereby *Page 324 
made as fully as if herein written, this action should be consolidated with the action hereinbefore referred to, instituted by Mrs. J. B. Robinette, or dismissed."
The court below made the following order:
"This proceeding came on to be heard before his Honor, Wilson Warlick, judge presiding, at this the September Term, 1933, of the Superior Court of Catawba County, upon motion of the Western Carolina Power Company, for judgment against the defendants, pursuant to the notice and complaint heretofore duly served on said defendants. The notice and complaint in summary proceeding, under section 356 of the Consolidated Statutes of North Carolina, heretofore filed in this proceeding, were duly served on the defendants on 2 September, 1933. The United States Fidelity and Guaranty Company filed its answer, as the same appears of record, on 12 September, 1933; the defendant Yount has filed no answer.
The defendant, United States Fidelity and Guaranty Company pleaded in bar of the motion of the Western Carolina Power Company, and in bar of its right to a judgment, the decree dated 9 September, 1933, made and entered by this Court in the case of Mrs. J. B. (Edna) Robinette, in behalf of herself and all other persons in similar situation, who may see fit to come in and make themselves parties to this action, versus Russell M. Yount, individually and as ex-clerk of the Superior Court of Catawba County, appointing permanent receivers in said action.
The said Mrs. J. B. Robinette and the receivers objected to the motion of the Western Carolina Power Company.
Upon consideration of the record in said receivership suit of Mrs. Robinette against Russell M. Yount, the court is of the opinion that the decree made in said suit bars the plaintiff from proceeding further in this proceeding.
It is therefore, ordered and adjudged that plaintiff's motion be, and same hereby is denied, and that this proceeding be, and the same hereby is dismissed."
The plaintiff appealed to the Supreme Court, and made the following assignment of error: "The plaintiff assigns as error the ruling of the court that the decree made in said Robinette suit bars the plaintiff from proceeding further in this proceeding and the order of the court in denying the plaintiff's motion and dismissing this proceeding."
The United States Fidelity and Guaranty Company, defendant in the above entitled summary proceeding, in its answer to the complaint of the plaintiff, prayed that "this action should be consolidated with the action heretofore referred to, instituted by Mrs. J. B. Robinette, or dismissed." We think the action, or summary proceeding, should have been consolidated and not dismissed, under the facts and circumstances of this case.
In N.C. Practice Procedure in Civil Cases (McIntosh), at p. 536-7, part section 506, is the following: "A consolidation is the opposite of a severance, and consists in combining two or more actions into one for trial. While there is no statute regulating it, the power is recognized and frequently exercised by the courts. `The object of consolidating two or more actions is to avoid a multiplicity of suits, to guard against oppression or abuse, to prevent delay, and especially to save unnecessary cost or expense; in short, the attainment of justice with the least expense and vexation to the parties litigant. Consolidation, however, is improper, where the conduct of the cause will be embarrassed, or complications or prejudice will result, which will injuriously affect the rights of the parties.'" At p. 538, part section 507, we find: "Where several actions were brought by different creditors to set aside a fraudulent conveyance and to reach the property of the common debtor, and there was a conflict as to the rights of the creditors in the property, or the court appointed a receiver to take charge of the property, an order was made to consolidate the actions into a general creditor's suit, preserving the priorities or preferences which each creditor had acquired; and the same practice was followed in actions by creditors against an insolvent corporation. This could be considered as combining all the actions into one, a general creditor's suit in which all might have united in the beginning, or as a combination of judgment creditor's suits in which the rights of each creditor is preserved. Where an action was brought to set aside a deed to land for fraud, a second action for the possession of the land, and a third for the allotment of dower in the land, a consolidation was ordered, so that all the rights could be adjusted at one time."
This was a summary proceeding, under C. S., 356, against the clerk of the Superior Court of Catawba County, and defendant United States Fidelity and Guaranty Company, his bondsmen. The plaintiff relies chiefly on S. v.Gant, 201 N.C. 211. We think that case distinguishable from the present one. The judgment of the court below is
Reversed.
STACY, C. J., took no part in the consideration or decision of this case. *Page 326